**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JAMOD ROHN, | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 14-851 |
| | ) | Joy Flowers Conti/ |
| BRIAN V. COLEMAN *"Superintendent* | ) | Magistrate Judge Maureen P. Kelly |
| *SCI Fayette"*; GARY GLAZER *"Judge"*, | ) | |
| Respondents. | ) | |

## REPORT AND RECOMMENDATION

## I. RECOMMENDATION

It is respectfully recommended that, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the instant habeas Petition filed by a Person in State Custody pursuant to 28 U.S.C. § 2254 (the "Petition") be dismissed prior to being served due to this Court lacking subject matter jurisdiction. It is further recommended that a certificate of appealability be denied.

## II. REPORT

### A. Background

Jamond Rohn ("Petitioner") seeks to challenge, via this Petition, state convictions obtained in the Court of Common Pleas of Philadelphia County at, according to the Petition, Criminal Docket Numbers 9609-3548 and 9609-3553.

This Court takes judicial notice of the fact that Petitioner has previously filed two other Section 2254 habeas petitions in the United States District Court for the Eastern District of Pennsylvania that challenged these very same convictions: 1) Rohn v. Wilson, No. 07-2328 (E.D. Pa., ECF No. 1, ¶ 2(b) (listing the docket numbers as 9609-3548 and 9609-3553) and ECF No. 11, Report and Recommendation (recommending dismissal of the petition as time barred),

and ECF No. 14, (Order adopting Report and Recommendation)); and 2) <u>Rohn v. Coleman</u>, No. 13-7479 (E.D. Pa., ECF No. 1 (habeas petition which is nearly identical to the present Petition pending in this Court) and ECF No. 2 (Order dismissing the petition as second or successive)). We also take judicial notice of the dockets of the United States Court of Appeals for the Third Circuit, which show that although Petitioner requested permission from the Court of Appeals to file a second or successive habeas petition attacking the convictions that he attacks in the present Petition, the Court of Appeals denied him leave to do so. <u>In re Jamond Rohn</u>, No. 13-1164 (3d Cir., Order denying leave to file dated 3/8/2013).

### B. Applicable Legal Principles

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, tit. I, §101 (1996) (the "AEDPA") which amended the standards for reviewing state court judgments in federal habeas petitions filed under 28 U.S.C. § 2254 was enacted on April 24, 1996. Because the current habeas Petition was filed after the effective date of the AEDPA, the AEDPA is applicable to this case. <u>Werts v. Vaughn</u>, 228 F.3d 178, 195 (3d Cir. 2000).

The AEDPA greatly restricts the power of federal courts to award relief to state prisoners who file second or successive Section 2254 applications. <u>Tyler v. Cain</u>, 533 U.S. 656 (2001). In the AEDPA, Congress enacted strictures on the filing of second or successive habeas petitions in response to the abuse of the habeas writ by prisoners. <u>See</u> <u>Chambers v. United States</u>, 106 F.3d 472, 475 (2d Cir. 1997) ("The purpose of the gatekeeping restrictions was to prevent abuse of the habeas writ."). Congress provided that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

The allocation of these gatekeeping responsibilities to the Court of Appeals provided by Section 2244(b)(3)(A), has essentially divested the District Courts of subject matter jurisdiction over habeas petitions that are second or successive within the meaning of that subsection. See, e.g., Robinson v. Johnson, 313 F.3d 128, 140 (3d Cir. 2002)("From the district court's perspective, it [i.e., Section 2244(b)(3)(A)'s gatekeeping assignment to the Courts of Appeals] is an allocation of subject-matter jurisdiction to the court of appeals."). The gatekeeping provisions of the AEDPA provide that if the prisoner asserts a claim that he has already presented and decided in a previous federal habeas petition, the claim must be dismissed by the Court of Appeals in all cases. 28 U.S.C. § 2244(b)(1). And if the prisoner asserts a claim that was not presented in a previous petition, the claim must be dismissed by the Court of Appeals unless it falls within one of two narrow exceptions. One of these exceptions is for claims predicated on newly discovered facts that call into question the accuracy of a guilty verdict. 28 U.S.C. § 2244(b)(2)(B). The other exception is for certain claims relying on new rules of constitutional law. 28 U.S.C. § 2244(b)(2)(A). However, even if a habeas petitioner's second or successive petition falls within either of these exception categories, the petitioner may not simply come to the District Court and file his second or successive petition, rather, he must first seek leave of the Court of Appeals to do so. In other words, he must convince the Court of Appeals that his second or successive petition comes within this narrow exception permitted by the AEDPA and the habeas petitioner must have the Court of Appeals grant him leave to file such second or successive petition. 28 U.S.C. § 2244(3).[1]

---

[1]28 U.S.C. § 2244(b)(3) provides in full as follows:

(3)(A) Before a second or successive application permitted by this section is filed

(…footnote continued)

The AEDPA does not define the phrase "second or successive." Christy v. Horn, 115 F.3d 201, 208 (3d Cir. 1997) ("While the AEDPA requires this procedure for second or successive application, it does not define what is meant by 'second' or 'successive.'").  A numerically second petition is not necessarily "second or successive" within the contemplation of the AEDPA, if it attacks a different criminal judgment or if the earlier petition terminated without a judgment, as for example, where the earlier petition was dismissed without prejudice for failure to exhaust state court remedies.  See, e.g., Stewart v. Martinez-Villareal, 523 U.S. 637 (1998); Pratt v. United States, 129 F.3d 54, 60 (1st Cir. 1997); Christy v. Horn, 115 F.3d 201, 208 (3d Cir. 1997).

Under Section 2244(b)(3)(A), a numerically second petition may not necessarily constitute a "second or successive petition".  The United States Supreme Court has construed § 2244(b) in a manner that avoids an overly literal construction of the term "second or successive" petition, recognizing that some types of "second" petitions do not implicate the judicially developed abuse-of-the-writ principles that were the basis for the AEDPA's statutory restrictions. See Stewart v. Martinez-Villareal, 523 U.S. 637 (1998).

---

in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

(B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.

(C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.

In Stewart, the Supreme Court held that §2244(b)(3)(A) authorization was not required because although petitioner's claim that he could not be executed due to the fact that he was incompetent to be executed, had been raised in his earlier petition, the earlier petition was dismissed without prejudice as premature. "This may have been the second time that respondent had asked the federal courts to provide relief on his Ford claim," the Supreme Court explained, "but this does not mean that there were two separate applications, the second of which was necessarily subject to § 2244(b)." Id. at 643. The claim was not a "second or successive" petition under the AEDPA because the petitioner "brought his claim in a timely fashion, and it has not been ripe for resolution until now." Id. at 645. The Supreme Court expressly stated that a later petition should not be considered successive when the earlier petition was dismissed without prejudice for failure to exhaust state remedies, and that the AEDPA should not be construed so that the dismissal of an earlier petition "for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review." Id. at 645. Essentially, where a first petition was brought and dismissed but not addressed on the merits, a second petition challenging the same conviction is not subject to the requirement that the petitioner apply to the Court of Appeals for permission to file the second petition.

In contrast, where a prior petition was addressed on the merits and the subsequent petition raises issues that could have been raised in the first petition or, otherwise constitutes an abuse of the writ, the subsequent petition is "second or successive" within the meaning of subsection (3)(A) and cannot be filed in the district court without authorization from the Court of Appeals. See, e.g., Whab v. United States, 408 F.3d 116, 118 (2d Cir. 2005)("for a subsequent petition to be considered 'second or successive,' bringing into play AEDPA's gatekeeping provisions, the

disposition of an earlier petition must qualify as an adjudication on the merits."); Greene v. White, 223 F.3d 1001, 1002 n.1 (9th Cir. 2000) ("The present petition is not a 'second or successive petition' because the earlier petition, filed in 1993, was not adjudicated on the merits.").

### C. Discussion

In the present Petition, Petitioner is challenging the very same convictions that he challenged in two prior Section 2254 habeas petitions, namely, Rohn v. Wilson, No. 07-2328 (E.D. Pa. filed 6/8/2007) (the "2007 Petition"); 2) Rohn v. Coleman, No. 13-7479 (E.D. Pa. filed 12/16/2013) (the "2013 Petition"). Because the District Court dismissed the 2007 Petition "on the merits" within the meaning of the AEDPA's second or successive jurisprudence, the present Petition should be dismissed as being second or successive.

The 2007 Petition was dismissed for being time barred under the AEDPA's statute of limitations. Such a disposition constitutes a decision "on the merits" within the meaning of the AEDPA's second or successive jurisprudence. Murray v. Greiner, 394 F.3d 78, 81 (2d Cir. 2005) (holding an earlier petition dismissed on the basis of AEDPA's statute of limitations barred a second petition because the prior dismissal based on the statute of limitations constituted an adjudication on the merits, rendering the second petition second or successive within the meaning of AEDPA); Bottone v. United States, 350 F.3d 59, 63 (2d Cir. 2003)("a petition that has been dismissed as time-barred has been decided on the merits and renders any subsequent petition second or successive under AEDPA"). As such, prior to bringing the present Petition, Petitioner must seek permission from the Court of Appeals to do so. 28 U.S.C. § 2244(b)(3). Not only has Petitioner failed to do so, but the Court of Appeals affirmatively denied him leave

6

to file a second or successive habeas petition in order to attack the very convictions he seeks to attack by the present Petition. In re Jamond Rohn, No. 13-1164 (3d Cir., Order denying leave to file dated 3/8/2013). Accordingly, it is respectfully recommended that the instant Petition be dismissed prior to service as being second or successive.

**D. Certificate of Appealability**

A certificate of appealability should be denied because jurists of reason would not find the foregoing debatable.

**III. CONCLUSION**

For the reasons set forth herein, it is recommended that Petition be dismissed as a second or successive petition and a certificate of appealability should be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

Respectfully submitted,

Date: August 5, 2014

s/Maureen P. Kelly
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc:     The Honorable Joy Flowers Conti
Chief United States District Judge

Jamod Rohn
EA-4792
SCI Fayette
P.O. Box 9999
LaBelle, PA 15450